NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                              :
J. CLARENCE BECKETT,                          :
                                              :
         Plaintiff,                           :
                                              :       Civil Action No. 05-3443 (JAG)
              v.                              :
                                              :       OPINION
FRED VEGA-THE UNION COUNTY                    :
PROBATION OFFICE,                             :
                                              :
         Defendant.                           :
_____:

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on Defendant Ferdinand Vega's ("Defendant" or "Officer Vega")[1] motion to dismiss Plaintiff J. Clarence Beckett's ("Plaintiff") Complaint, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted. For the reasons set forth below, Defendant's motion to dismiss is granted.

**BACKGROUND**

Plaintiff is an inmate confined to the Union County Jail, Elizabeth, New Jersey. (See Compl. ¶ 3.) Plaintiff, proceeding pro se, filed the instant Complaint on July 8, 2005, with an application to proceed in forma pauperis. This Court granted Plaintiff's request to proceed in forma pauperis on August 2, 2005.

---

[1] Improperly referred to as "Fred Vega" in the caption of the Complaint.

1

Plaintiff brings this pro se action under 42 U.S.C. § 1983 ("Section 1983") for alleged violations of his federal constitutional rights. (Compl. ¶¶ 1, 4a, 6.) Plaintiff alleges that the unlawful action occurred while he was on bail on "house arrest" status pending hearing of criminal charges against him. (Id. ¶¶ 4b, 6.) Plaintiff further alleges that Defendant, a Senior Probation Officer employed by the Union Vicinage of the Superior Court of New Jersey, stated that Plaintiff violated the terms of his house arrest. (Id. ¶ 6.) A warrant for Plaintiff's arrest was issued, resulting in Plaintiff's reincarceration in the Union County Jail. (Id.) Plaintiff alleges that the arrest warrant was "extorted" from a Superior Court Judge by Defendant in violation of Plaintiff's "rights." (Id.) Plaintiff seeks ten million dollars in damages and no other relief. (Id. ¶ 7.)

Plaintiff filed an application for pro bono counsel on August 18, 2005. Defendant filed the instant motion to dismiss on October 7, 2005.[2]

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her

---

[2]Defendant's Certification of Service indicates that Plaintiff was served a copy of the Notice of Motion to Dismiss the Complaint, Brief, and proposed Order by regular and certified mail to his address of record on October 4, 2005. No opposition has been filed.


allegations that will entitle him or her to relief, not whether that person will prevail ultimately. See Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). As established by this Circuit, "[t]he pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357).

While a Court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). Upon Rule 12(b)(6) motions, federal courts may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998). Finally, Rule 12(b)(6) authorizes federal courts to dismiss a claim based on a "dispositive issue of law." Mruz v. Caring, Inc., 991 F. Supp. 701, 707 (D.N.J. 1998) (citing Nietzke v. Williams, 490 U.S. 319, 326-27 (1989)).

### DISCUSSION

Defendant first asserts that the Complaint is barred by Eleventh Amendment sovereign immunity. The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI.

As a general proposition, the Eleventh Amendment prohibits a federal court from hearing

a suit by private parties seeking to impose a liability which must be paid from state treasury funds, unless the state has consented to such a suit or immunity is waived by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974); see also College Sav. Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 669 (1999). Regardless of the type of relief sought, states and their state agencies and departments are protected by the Eleventh Amendment from suit in federal court. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment prohibits federal court suits for monetary relief against state officers in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). A state's Eleventh Amendment immunity extends to suits brought pursuant to Section 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63-64 (1989) (discussing Quern v. Jordan, 440 U.S. 332 (1979)).[3]

The Superior Court of New Jersey and its vicinages are part of the judicial branch of the State of New Jersey, and are therefore entitled to Eleventh Amendment immunity. See Johnson v. State of New Jersey, 869 F. Supp. 289, 296-98 (D.N.J. 1994). See also Hunter v. Supreme Court of New Jersey, 951 F. Supp. 1161, 1177 (D.N.J. 1996), aff'd, 118 F.3d 1575 (3d Cir. 1997). Furthermore, where employees of the Superior Court of New Jersey are sued for actions taken in their official capacity, they are likewise entitled to "cloak [themselves] in the state's sovereign immunity under the Eleventh Amendment." Johnson, 869 F. Supp. at 298; see also

---

[3] In Will, the Supreme Court held that neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officials sued in their official capacities for money damages, are "persons" within the meaning of Section 1983. 491 U.S. at 64, 70-71 and n.10. Although "state officials literally are persons . . . a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Id. at 71 (internal citation omitted).

Hunter, 951 F. Supp. at 1178.

County probation departments, also considered arms of the State, are similarly protected by the Eleventh Amendment. See Gencarelli v. Superior Court of New Jersey, No. Civ. A. 04-3332, 2005 WL 1490590, at *3 (D.N.J. June 22, 2005). In Gencarelli, the court looked to statutory law and determined that county probation departments are arms of the State entitled to Eleventh Amendment immunity. Id. The court based its decision largely on the fact that as a result of the State Judicial Unification Act, amended in 1994, costs of the county probation departments are now paid by the State Treasury, and their employees are defined as judicial employees that are employees of the State. Id. (citing N.J. STAT. ANN. §§ 2B:10-3 and 4).

Other courts have also determined that county probation departments are entitled to Eleventh Amendment immunity. See Clark v. Tarrant County, Texas, 798 F.2d 736, 745 (5th Cir. 1986) (holding that the county probation department, as part of a state probation program administered by the judicial districts, was an arm of the state within the meaning of the Eleventh Amendment, and entitled to Eleventh Amendment immunity from appellant's Section 1983 claims); Lovelace v. Dekalb Cent. Probation, 144 Fed. Appx. 793 (11th Cir. 2005) (unpublished) (district court correctly concluded that plaintiff's Section 1983 claims against a county probation department were barred by the Eleventh Amendment); O' Reilly v. Montgomery County, No. 102CV1242, 2003 WL 23101795, at *1 (S.D. Ind. Feb. 24, 2003) (holding that the Eleventh Amendment barred plaintiff's claims against a county probation department brought under the Americans with Disabilities Act).

Here, Officer Vega is a Senior Probation Officer employed by the Probation Division of the Union Vicinage of the Superior Court of New Jersey. Pursuant to N.J. STAT. ANN. §§ 2B:10-

5

3(d) and 4(b) (2006), Officer Vega is considered a judicial employee of the State of New Jersey. Therefore, any claims brought against him in his official capacity are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. at 169; Johnson, 869 F. Supp. at 298.

The Complaint in this matter does not expressly identify the capacity in which Plaintiff is suing the Defendant; however, Plaintiff clearly alleges that Officer Vega violated Plaintiff's constitutional rights by actions taken in Defendant's official capacity. Moreover, the caption of the Complaint, "Fred Vega-The Union County Probation Office," strongly indicates that Plaintiff intended to sue Officer Vega in his official capacity. Furthermore, it is plain that any damage award would be paid from the State Treasury in contravention of the Eleventh Amendment. See Gencarelli, 2005 WL 1490590 at *3; see also Edelman, 415 U.S. at 662-65 (the Eleventh Amendment may bar a suit even though the state is not named as a party, provided that the state is the real party in interest). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. at 166. Therefore, Plaintiff's claim for damages asserted against Officer Vega in his official capacity as a Senior Probation Officer for the Probation Division of the Union Vicinage of the Superior Court of New Jersey, must be dismissed with prejudice.[4]

---

[4] Having determined that Plaintiff's claim should be dismissed, pursuant to Eleventh Amendment immunity, this Court need not address Defendant's other grounds for dismissal.

**CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss is granted. Plaintiff's application for pro bono counsel is denied as moot.


Dated: May 10, 2006

                                           S/Joseph A. Greenaway, Jr.
                                           JOSEPH A. GREENAWAY, JR., U.S.D.J.